# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Benito Casanova, on behalf of himself and a class similarly situated<br><br>                Plaintiff,<br><br>v.<br><br>International Association of Machinists, Local 701<br><br>                Defendant. | **Case No.**<br><br>Judge:<br><br>**CLASS ACTION COMPLAINT** |

## COMPLAINT

Benito Casanova brings this class action on behalf of himself and all others similarly situated to obtain redress from the International Association of Machinists, Local 701 ("Union" or "IAM, Local 701") for its unconstitutional seizure of agency fees from public employees without their consent.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff Benito Casanova resides and works in Cook County, Illinois.

4. Defendant IAM, Local 701 is a labor union whose offices are located at 450 Gundersen Drive, Carol Stream, Illinois 60188. The IAM has entered into numerous collective bargaining agreements containing forced fees provisions with numerous public employers throughout Illinois.

1

## STATEMENT OF THE CLAIM

5. Benito Casanova has been employed by the Chicago Transit Authority ("CTA") since 1989.

6. Since the beginning of his employment, Casanova has been subject to the exclusive representation of IAM, Local 701 and the terms of the collective bargaining agreements between Local 701 and the CTA.

7. For as long as he can recall, Casanova has been a non-member of IAM, Local 701. Nevertheless, Mr. Casanova was forced to pay agency fees to IAM, Local 701 as a condition of his continued employment under the collective bargaining agreement and an agency shop arrangement authorized by state law. *See* Ill. Comp. Stat., ch. 5, §§315/3(g), 315/6(e). The collective bargaining agreement between IAM, Local 701 and CTA contained a "fair share memorandum of understanding" that required each nonmember to pay "their proportionate share of the cost of the collective bargaining process, contract administration and pursuing matters affecting employee wages, hours, and conditions of employment . . . ." *See* Exhibit 1.

8. IAM, Local 701 and its affiliates acted under color of state law by imposing and collecting agency fees in accordance with the laws of Illinois that authorize these agency-shop arrangements.

9. IAM, Local 701's collective bargaining agreements with other public employers in Illinois also contain forced fee clauses that compelled nonmembers of the union to pay fees to the union as a condition of their employment.

10. On June 27, 2018, the Supreme Court held forced fee requirements to be unconstitutional under the First Amendment and that unions could not constitutionally collect union dues or fees from public employees without their affirmative consent. *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018).

11. IAM, Local 701's seizure of forced fees from Casanova and from other employees who did not affirmatively consent to paying such fees violated their First Amendment rights.

12. After the Supreme Court's decisions in *Knox v. SEIU, Local 1000*, 567 U.S. 298 (2012) and *Harris v. Quinn*, 134 S. Ct. 2618 (2014), IAM, Local 701 should have known that its seizure of fair share fees from unconsenting employees violated the First Amendment.

## PLAINTIFF CLASS ALLEGATIONS

13. The plaintiff seeks, pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2), and (b)(3), the certification of a class that includes all public employees from whom IAM, Local 701 collected fair share fees or collects fair share fees.

14. The number of persons in the class makes joinder of the individual class members impractical.

15. There are questions of fact and law common to all class members. Factually, all class members are public employees and union nonmembers who are or were compelled to pay agency fees to IAM, Local 701 and its affiliates as a condition of public employment. Legally, IAM, Local 701's fee seizures violated all class members' rights under the First Amendment.

17. The representative plaintiff's claims are typical of other members of the class, because each member of the class has not affirmatively consented to financially support IAM, Local 701 and its affiliates, yet has been forced by state law and contract provisions to financially support IAM, Local 701 and its affiliates.

18. The representative plaintiff adequately represents the interests of the class, and has no interests antagonistic to the class.

19. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

20. A class action can be maintained under Rule 23(b)(2) because IAM, Local 701 acted on grounds that apply generally to class members, namely by seizing fair share fees from them without their consent, so that final injunctive or declaratory relief is appropriate for the class as a whole.

21. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual

class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions. The amount of the deductions or damages is known to IAM, Local 701.

## CAUSES OF ACTION

## COUNT I

### (Violation of constitutional rights)

22. IAM, Local 701 acted under color of state law by entering into and enforcing forced fee clauses with the CTA and other public employers and by causing to be deducted and collecting fair share fees from Casanova and class members.

23. The representative plaintiff and his fellow class members are suing IAM, Local 701 under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, for declaratory relief and damages, each of which supplies a cause of action for the individual and class-wide relief that they are requesting.

24. Defendant, by requiring the payment of dues as a condition of employment under the color of state law from the representative plaintiff and fellow class members without the requisite affirmative consent, have and are violating their First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

25. The representative plaintiff and fellow class members have suffered the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law.

## DEMAND FOR RELIEF

26. The representative plaintiff respectfully requests that the court:

    a.    certify the plaintiff class;

b. declare that IAM, Local 701, by requiring the payment of fair share fees as a condition of employment and by collecting fair share fees, violated Casanova and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

c. order IAM, Local 701 and its affiliates, to refund with interest all agency fees or fair share service fees that were unconstitutionally or unlawfully extracted from the representative plaintiff and his fellow class members;

d. award Casanova and class members nominal and compensatory damages;

e. award costs and attorneys' fees under 42 U.S.C. § 1988;

f. grant all other relief that the Court may deem just and proper.

Respectfully submitted,

s/Christopher A. Wadley
Christopher A. Wadley (#6278651)
Walker Wilcox Matousek LLP
One N. Franklin St., Suite 3200
Chicago, IL 60606
Phone: (312) 244-6717
Fax: (312) 244-6800
Email: cwadley@wwmlawyers.com

Aaron B. Solem, Esq. (*pro hac vice* to be filed)
William Messenger (*pro hac vice* to be filed)
c/o National Right to Work Legal
    Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22151
Telephone: (703) 321-8510
Facsimile: (703) 321-9319
Email: mlc@nrtw.org
       abs@nrtw.org

*Attorneys for Plaintiff Benito Casanova and proposed class*