UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.1
Eastern Division

Benito Casanova

              Plaintiff,

v.                                              Case No.: 1:19−cv−00428

                                              Honorable Sharon Johnson Coleman

International Association of Machinists, Local 701

              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, September 11, 2019:

      MINUTE entry before the Honorable Sharon Johnson Coleman: Before the Court is defendant International Association of Machinists Local 701's motion to dismiss [12]. Plaintiff alleges Local 701 is liable under Section 1983 for the fair−share fees collected by the union prior to the Supreme Court's decision in Janus v. AFSCME Council 31, 138 S.Ct. 2448, 201 L.Ed.2d 924 (2018). Local 701 asserts that before the decision the collection of such fees was authorized by Illinois state law and existing Supreme Court precedent pursuant to Abood v. Detroit Board of Education, 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977). As such, Local 701 contends that the good−faith defense to Section 1983 liability disposes of the claim as a matter of law. Every court that has considered this issue has uniformly held that a plaintiff cannot collect damages for fair−share fees collected by a union before the change in Supreme Court precedent where a defendant establishes good−faith reliance as a matter of law. See, e.g., Janus v. AFSCME Council 31, No. 15 C 1235, 2019 WL 1239780 (N.D. Ill. Mar. 18, 2019) (Gettleman, J.); Danielson v. AFSCME Council 28, 340 F. Supp. 3d 1083 (W.D. Wash. 2018); Lee v. Ohio Educ. Ass'n, 366 F. Supp. 3d 980 (N.D. Ohio 2019). Casanova, however, did not address the cases that had been decided by the date he filed his opposition brief nor did he seek leave of Court to respond to any of the various notices of supplemental authority that Local 701 filed with the Court. The Court finds these cases, which include many decided at the motion to dismiss juncture, factually indistinguishable and persuasive. Casanova alleges Local 701 collected fees in accordance with Illinois's laws. Casanova further alleges Local 701 ceased collecting the fees once the Supreme Court decided Janus. Thus, the Court agrees that Local 701 satisfied the good−faith defense and declines to open discovery into the matter. The Court grants Local 701's motion [12] and dismisses Casanova's complaint with prejudice. Civil case terminated. Mailed notice. (ym, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.